LINA FRANCO LAW P.C.
Lina M. Franco [LF-1102]
42 Broadway, 12th Floor
New York, New York 10004
Telephone:    (800) 933-5620
www.LuchaPorTusDerechos.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LILIANA RUBI, *individually and on behalf of others similarly situated,*

                              *Plaintiff,*

              -against-

VIRDIG ENTERPRISES, INC., (d/b/a
ALBA'S PIZZERIA & RESTAURANT),
GIACOMO VIRDONE, PAUL
DIGREGORIO and ZINA VIRDONE,

                          *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**Rule 23 Class Action & Collective Action under 29 U.S.C. § 216(b)**

**ECF Case**

       LILIANA RUBI, ("Plaintiff"), individually and on behalf of others similarly situated, by and through her attorneys, Lina Franco Law, P.C., upon her knowledge and belief, and as against Virdig Enterprises, Inc., (d/b/a Alba's Pizzeria & Restaurant) ("Defendant Corporation" or "Alba's Pizzeria and Restaurant"), Giacomo Virdone, Paul DiGregorio and Zina Virdone (together with Defendant Corporation, "Defendants"), allege as follows:

## NATURE OF THE ACTION

       1.     Plaintiff is a former employee of Defendants Virdig Enterprises, Inc., (d/b/a "Alba's Pizzeria and Restaurant"), Giacomo Virdone, Paul DiGregorio and Zina Virdone.

2.      Defendants own, operate, and/or control an Italian restaurant located at 13765 Queens Boulevard, in Queens County, NY, under the name "Alba's Pizzeria and Restaurant".

3.      At all times relevant to this complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that she worked. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight rate of pay, or for any additional overtime premium. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which she had to work over 10 hours per day.

4.      Defendants employed and accounted for the Plaintiff as food runner in her payroll, but her duties required greater or equal time spent in non-tipped functions.

5.      At all times Defendants paid Plaintiff at the lowered tip-credit rate.

6.      However, under state law Defendants were not entitled to take a tip credit because Plaintiff' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever was less in each day) (12 N.Y.C.R.R. §146).

7.      Defendants' conduct extended beyond the Plaintiff to all other similarly situated employee. At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employee to work more than forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

8.      Plaintiff now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage

orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

9.     Plaintiff now brings this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and of all other similarly situated employee and former employee of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff' state law claims is conferred by 28 U.S.C. § 1367(a).

11.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff were employed by Defendants in this district.

## THE PARTIES

### *Plaintiff*

12.     Liliana Rubi ("Plaintiff Rubi" or "Ms. Rubi") is an adult individual residing in Queens County, New York. She was employed by Defendants from approximately February 2012 until March 2016.

*Defendants*

13.     At all times, relevant to this complaint, Defendants owned, operated, and/or controlled an Italian restaurant located at 13675 Queens Boulevard, Briarwood NY, 11435 under the name "Alba's Pizzeria and Restaurant".

14.     Upon information and belief, "Virdig Enterprises, Inc.," is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 13675 Queens Boulevard, Briarwood NY 11435.

15.     Defendant Giacomo Virdone is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Giacomo Virdone is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

16.     Upon information and belief, Defendant Giacomo Virdone possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

17.     Defendant Giacomo Virdone determined the wages and compensation of the employee of Defendants, including Plaintiff, and established the schedules of the employee, maintained employee records, and had the authority to hire and fire employee.

18.     Defendant Paul DiGregorio is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Paul DiGregorio is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

4

19.     Upon information and belief, Defendant Paul DiGregorio possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

20.     Defendant Zina Virdone determined the wages and compensation of the employee of Defendants, including Plaintiff, and established the schedules of the employee, maintained employee records, and had the authority to hire and fire employee.

21.     Defendant Zina Virdone is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Zina Virdone is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

22.     Upon information and belief, Defendant Zina Virdone possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

23.     Defendant Zina Virdone determined the wages and compensation of the employee of Defendants, including Plaintiff, and established the schedules of the employee, maintained employee records, and had the authority to hire and fire employee.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants operate an Italian restaurant under the name "Alba's Pizzeria and Restaurant," located in Briarwood.

5

25.     Upon information and belief, Individual Defendants Giacomo Virdone, Paul DiGregorio and Zina Virdone possess operational control over the Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employee, pay employee by the same method, and share control over the employee.

27.     Each Defendant possessed substantial control over Plaintiff' (and other similarly situated employee') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

28.     Defendants jointly employed Plaintiff, and all similarly situated individuals, and are her (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendant Giacomo Virdone operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as entities legally separate and apart from himself, by, among other things:

   a.  failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as separate and legally distinct entity;

b.  defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.  transferring assets and debts freely as between all Defendants;

d.  operating the Defendant Corporation for his own benefit as the sole or majority shareholder;

e.  operating the Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

f.  intermingling assets and debts of his own with the Defendant Corporation;

g.  diminishing and/or transferring assets to protect his own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

31.    Upon information and belief, individual defendant Paul DiGregorio operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as entities legally separate and apart from himself, by, among other things:

a.  failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as separate and legally distinct entity;

b.  defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.  transferring assets and debts freely as between all Defendants;

d.  operating the Defendant Corporation for his own benefit as the sole or majority shareholder;

e.  operating the Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

f.  intermingling assets and debts of his own with the Defendant Corporation;

g.  diminishing and/or transferring assets to protect his own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

32.  Upon information and belief, Individual Defendant Zina Virdone operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as entities legally separate and apart from himself, by, among other things:

a.  failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as separate and legally distinct entity;

b.  defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

c.  transferring assets and debts freely as between all Defendants;

d.  operating the Defendant Corporation for his own benefit as the sole or majority shareholder;

e.  operating the Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

f.  intermingling assets and debts of his own with the Defendant Corporation;

g.  diminishing and/or transferring assets to protect his own interests; and

h.  other actions evincing a failure to adhere to the corporate form.

33.  At all relevant times, Defendants were Plaintiff' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control

the terms and conditions of employment, and determine the rate and method of compensation in exchange for her services.

34.     In each year from 2011 to present, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily at Alba's Pizzeria and Restaurant, such as meats and beverages, were produced outside the state of New York.

*Plaintiff*

36.     Plaintiff is a former employee of Defendants, who was ostensibly employed as a food runner at the restaurant.

37.     Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Liliana Rubi*

38.     Plaintiff Rubi was employed by Defendants from on or about February 2012 until March 2016.

39.     During this time, Plaintiff Rubi was ostensibly employed by Defendants as a food runner.

40.     However, throughout her employment, Plaintiff Rubi spent over two hours per day performing non-tipped duties including transporting supplies from the street to the basement, washing the floor of the restaurant, washing dishes when the dishwasher wasn't available, cleaning tables, washing the sidewalk, cutting cardboard pieces to put inside delivery bags and

also at times went out to deliver food. If the restaurant was slow, she was not permitted to "stand around", but the owners made her help in the kitchen or clean the restaurant.

41.    Plaintiff Rubi regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

42.    Plaintiff Rubi's work duties required neither discretion nor independent judgment.

43.    Plaintiff Rubi regularly worked in excess of 40 hours per week.

44.    From approximately February 2012 until March 2016, Plaintiff Rubi worked twelve (12) hours per day, six days a week (typically 66 hours per week) with a half hour break daily.

45.    From approximately February 2012 until March 2016, Plaintiff Rubi was paid a flat rate of $50 per 12-hour day.

46.    Occasionally, Plaintiff only worked a 9 hour shift and was paid a flat rate of $30 for that 9 hour shift.

47.    Plaintiff Rubi's pay did not vary even when she was required to stay later or work a longer day than her usual schedule, which happened very frequently.

48.    Plaintiff Rubi was never notified by Defendants that her tips would be included as an offset for wages.

49.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rubi's wages.

50.    Defendants did not provide Ms. Rubi with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all her hours worked.

51.    Defendants required some employees to punch in and out, however, Plaintiff Rubi was specifically told not to punch in or out. Additionally, she was told that if the Department of

Labor ever visited the locale, she was to tell them she only worked 8 hours per day, 5 days per week.

### Defendants' General Employment Practices

52.     At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employee to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours' compensation, as required by federal and state laws.

53.     Defendants required Plaintiff to perform several non-tip-related tasks for over two hours of each work day, in addition to her primary role as food runner.

54.     Plaintiff was employed ostensibly as food runners and (tipped employee) by Defendants, although her actual duties included much greater time spent in non-tipped functions.

55.     Plaintiff were paid at the lowered tip-credited rate by Defendants, however, under state law Defendants were not entitled to a tip credit because Plaintiff' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever were less) (12 N.Y.C.R.R. § 146).

56.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day... in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

57.     Plaintiff' duties were not incidental to her occupation as food runner, but instead constituted entirely unrelated occupations with duties such as those outlined above. While performing these duties, Plaintiff did not receive tips; therefore, they constituted non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that Plaintiff worked in these roles.

58.     In violation of federal and state law as codified above, Defendants classified Plaintiff as tipped employee and paid them at the tip-credited rate when they should have classified them as non-tipped employee and paid them at the minimum wage rate.

59.     Defendants' pay practices resulted in Plaintiff not receiving payment for all her hours worked, resulting in Plaintiff' effective rate of pay falling below the required minimum and overtime wage rate.

60.     Plaintiff have been victim of Defendants' common policy and practices violating her rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

61.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

62.     At no time did Defendants inform Plaintiff that they had reduced her hourly wage by a tip allowance.

63.     Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff' s' relative lack of sophistication in wage and hour laws.

64.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

65.    Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

66.    Defendants did not provide Plaintiff with any document or other statement accurately accounting for her actual hours worked, and setting forth rate of minimum wage and overtime wage.

67.    Plaintiff were paid her wages entirely in cash.

## FLSA COLLECTIVE ACTION CLAIMS

68.    Plaintiff bring her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA and Rule 23 class Period").

69.    At all relevant times, Plaintiff, and other members of the FLSA and Rule 23 class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

70.    The claims of Plaintiff stated herein are similar to those of the other similarly situated employee.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

71.     Plaintiff sue on her own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

72.     Plaintiff bring her New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class."

73.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

74.     There are questions of law and fact common to the Class including:

        a.      what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

        b.      what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

        c.      what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

        d.      whether Defendants failed and/or refused to pay Plaintiff the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

        e.      whether Defendants failed and/or refused to pay Plaintiff "Spread of Hours" Pay;

        f.      whether Defendants improperly deducted "shorts" from the Plaintiff' wages;

        g.      at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

h.    what are the common conditions of employment and in the workplace, such as recordkeeping, clock- in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

75.    The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

76.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiff are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

77.    The common questions of law and fact predominate over questions affecting only individual members.

78.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual Plaintiff lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

79.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

80.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA and Rule 23 class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

82.     Defendants had the power to hire and fire Plaintiff (and the FLSA and Rule 23 class members), control his terms and conditions of employment, and determine the rate and method of any compensation.

83.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

85.     Defendants failed to pay Plaintiff (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

86.     Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

87.     Plaintiff (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

88.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

89.    Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

90.    Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

91.    Plaintiff (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

92.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93.    At all times relevant to this action, Defendants were Plaintiff' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

94.    Defendants had the power to hire and fire Plaintiff (and the FLSA and Rule 23 class members), control her terms and conditions of employment, and determine the rates and methods of any compensation in exchange for her employment.

95.    Defendants, in violation of the NYLL, paid Plaintiff (and the FLSA and Rule 23 class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

96.    Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

97.    Plaintiff (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

98.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

100.    Defendants failed to pay Plaintiff (and the FLSA and Rule 23 class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

101.    Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff (and the FLSA and Rule 23 class members) has been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

103.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to pay Plaintiff (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

105.    Defendants' failure to pay Plaintiff (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiff' (and the FLSA and Rule 23 class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

106.    Plaintiff (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA and Rule 23 class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff' and the FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff and the FLSA and Rule 23 class members;

(f)      Awarding Plaintiff and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i)      Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(j)      Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k)      Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' and the FLSA and Rule 23 class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA and Rule 23 class members;

(m)      Awarding Plaintiff and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as

applicable;

(n)      Awarding Plaintiff and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)      Awarding Plaintiff and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorney's fees; and

(q)      All such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 3rd 2017

LINA FRANCO LAW, P.C.

By:      /s/ *Lina M. Franco*
         Lina M. Franco [LF-1102]
         42 Broadway, 12th Floor
         New York, New York 10004
         Telephone: (800) 933-5620
         *Attorneys for Plaintiff*